## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND (GREENBELT)

NEIL F. LETREN,                                        CASE NO.  8:15-cv-03361-TDC
on behalf of himself and all others
similarly situated,
                    Plaintiff,

        vs.

EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES, LLC;
and TRANS UNION, LLC;
                    Defendants.

## TRANS UNION, LLC'S REPLY IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

Defendant Trans Union, LLC ("Trans Union") by counsel, hereby submits its Reply In Support

Of Its Motion For Summary Judgment [Doc. No. 66] (the "Motion"). [1]

The Motion should be granted in this Fair Credit Reporting Act ("FCRA") case for the reasons

stated in Trans Union's Memorandum In Support Of Its Motion For Summary Judgment [Doc. No. 67]

(the "Memorandum") and because:

1.      Plaintiff has failed to address Trans Union's arguments that he did not timely respond to

Trans Union's Requests For Admission, and that there is no private right to injunctive relief under the

FCRA, thereby waiving any such arguments to the contrary;

---

[1] Though Plaintiff also attempted to combine his Opposition To Trans Union's Motion For Summary Judgment [Doc. No. 71] with a Cross Motion For Summary Judgment (the "Cross Summary Judgment Motion"), Trans Union is seeking to file a Motion To Strike the Cross Summary Judgment Motion simultaneously herewith.  Thus, Trans Union will address the Cross Summary Judgment Motion in its Motion To Strike and will use the instant brief only as a Reply In Support Of Its Motion For Summary Judgment.  In the event the Court denies Trans Union leave to file a Motion to Strike, Trans Union reserves the right to fully respond to the Cross Summary Judgment Motion.

2.      Plaintiff has failed to provide the required evidence in support of his claims and instead has disingenuously recast his entire theory of this case, yet still offers only conclusory allegations which are insufficient to survive summary judgment;

3.      Plaintiff has failed to provide any evidence to demonstrate that there is a genuine issue of fact regarding the accuracy of Trans Union's reporting of the Account;

4.      Plaintiff has failed to provide any evidence to demonstrate that there is a genuine issue of fact regarding the reasonableness of Trans Union's reporting and reinvestigations of the Account because:

   A.      Plaintiff has not met his burden of showing that the Account is inaccurate, which is a threshold requirement for any FCRA claim regarding Trans Union's reporting or reinvestigations;

   B.      Plaintiff's claim regarding the admissibility of Trans Union's declaration is meritless and should be disregarded;

   C.      Plaintiff's claim regarding his lack of discovery from Trans Union is likewise meritless and has already been rejected by this Court; and

   D.      Trans Union fully complied with the procedures mandated by the White/Hernandez Class Action Order, and Plaintiff has failed to show otherwise;

5.      Plaintiff has failed to establish that he is entitled to any damages because:

   A.      He has failed to produce any evidence showing that Trans Union's reporting of the Account caused any of his alleged credit denials or was a substantial factor in any purported denial of credit; and

B.     He has failed to produce sufficient evidence of alleged emotional distress damages.

## INTRODUCTION

In response to the Motion, Plaintiff was required to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  More than offering conclusory allegations unsupported by factual material, Plaintiff was obligated to provide actual proof to establish the existence of the elements essential to his case.  See Md. Elec. Indus. Health Fund v. Mesco, Inc., Civil Action No. ELH-12-505, 2014 U.S. Dist. LEXIS 25702, at *36 (D. Md. Feb. 28, 2014).  As Trans Union discussed in the Memorandum, "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial" and warrants summary judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Further, a moving party may succeed at summary judgment merely by pointing to the absence of evidence proffered by the non-moving party.  See id.  As Plaintiff has completely failed to provide any concrete evidence in support of his claims, the Motion should be granted.

## ARGUMENT

**I.     PLAINTIFF HAS FAILED TO ADDRESS TRANS UNION'S ARGUMENT THAT HE DID NOT TIMELY RESPOND TO TRANS UNION'S REQUESTS FOR ADMISSION, AND THAT THERE IS NO PRIVATE RIGHT TO INJUNCTIVE RELIEF UNDER THE FCRA, THEREBY WAIVING ANY SUCH ARGUMENTS TO THE CONTRARY.**

Plaintiff has completely failed to respond to Trans Union's argument that Plaintiff did not timely respond to Trans Union's Requests for Admission to Plaintiff ("Requests"), and that the Requests are thus deemed admitted and conclusively established as a matter of law.  See Memorandum [Doc. No. 67] at 9-15.  Further, he has also failed to address Trans Union Union's argument that there is no private right to injunctive relief under the FCRA, and that he has thus requested relief which is unavailable to

him.  See Memorandum [Doc. No. 67] at 24-26.  Any such responses to Trans Union's arguments are thus waived.  See Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 360 (D. Md. 2008) (noting that "'[a]n underdeveloped argument, or argument not raised at all, is a waived argument'") (quoting Beverly v. Depuy Orthopaedics, Inc., No. 3:07-CV-137 AS, 2008 U.S. Dist. LEXIS 327, at *2 (N.D. Ind. 2008)); see also Willox v. Ladas, No. CCB-13-2096, 2015 U.S. Dist. LEXIS 31617, at *3 (D. Md. Mar. 16, 2015) (noting that the plaintiff forfeited his arguments in response to the defendant's summary judgment motion by failing to raise it in his response); see also Seventeen S., LLC v. D.R. Horton, Inc., Civil Action No. 4:13-cv-03119-BHH, 2015 U.S. Dist. LEXIS 8291 (D.S.C. Jan. 26, 2015) (dismissing the plaintiffs' cause of action because they did not address the defendant's argument that it was invalid in their response); Bronitsky v. bladen Healthcare, LLC, No. 7:12-CV-147-BO, 2013 U.S. Dist. LEXIS 134820, at *8 (E.D.N.C. Sep. 20, 2013) (finding that the plaintiff "forfeited" his arguments regarding alleged discrimination "by not responding to defendants' summary judgment motion arguments on the matter").

Specifically regarding the Requests for Admission, by failing to even address – much less refute – Trans Union's argument concerning Plaintiff's failure to timely respond, Plaintiff has admitted that he has no claim against Trans Union.[2]  See Memorandum [Doc. No. 67] at 9-15.  Thus, though Plaintiff continues to argue that Trans Union violated the FCRA in its reporting and reinvestigations of his Chase mortgage account (the "Account"), and that he was harmed by such conduct, see generally Opposition [Doc. No. 71], such assertions directly contradict Plaintiff's admissions and should be disregarded.  See Memorandum [Doc. No. 67] at 11.  The Motion should therefore be granted.

---

[2] In the interest of judicial economy, Trans Union will not reiterate all of the details admitted by Plaintiff, as such have already been recited in the Memorandum.  See Memorandum [Doc. No. 67] at 9-15.

II.   **PLAINTIFF HAS FAILED TO PROVIDE THE REQUIRED EVIDENCE IN SUPPORT OF HIS CLAIMS AND INSTEAD HAS DISINGENUOUSLY RECAST HIS ENTIRE THEORY OF THIS CASE, YET STILL OFFERS ONLY CONCLUSORY ALLEGATIONS WHICH ARE INSUFFICIENT TO SUPPORT SUMMARY JUDGMENT.**

Even if the Requests For Admission were not <u>irrefutably</u> deemed admitted and conclusively established as a matter of law – which they are – the Motion should still be granted because Plaintiff has failed to come forward with any "<u>specific facts</u> showing there is a genuine issue for trial." <u>See</u> <u>Matsushita</u>, 475 U.S. at 587 (emphasis added).   Beyond just an absence of evidence, Plaintiff seems to have forgotten why he brought this lawsuit in this first place.   In the Amended Complaint [Doc. No. 22], Plaintiff clearly states that he "obtained several mortgage loans in 2007, <u>including mortgage loans being reported to his credit reports by Chase</u> . . ."   <u>See</u> Amended Complaint [Doc. No. 22] at ¶ 15 (emphasis added).   Plaintiff goes on to claim that Trans Union was inaccurately reporting the Account because it was discharged in his 2009 bankruptcy but was not reporting as such.   <u>See id.</u> at ¶¶ 15-20.   Plaintiff now, in a total reversal, claims that he "never had a mortgage debt with Chase."   <u>See</u> Opposition [Doc. No. 71] at 1 (internal citations omitted).   Either Plaintiff was being dishonest in the Amended Complaint, or he is being dishonest now.   In either event, he is acting in bad faith and has completely failed to produce <u>any</u> concrete evidence showing there is a genuine issue for trial.   <u>See</u> <u>Matsushita</u>, 475 U.S. at 587.

Though in the Amended Complaint Plaintiff contests the accuracy of the Account's status and monthly payment notations, he <u>never once</u> raised the issue of ownership (except to affirmatively allege that <u>he opened</u> the Account).   <u>See generally</u> Amended Complaint [Doc. No. 22].   Rather, it is only after Trans Union repeatedly pointed out that the Account was in fact <u>not</u> discharged in Plaintiff's bankruptcy and was therefore reporting accurately that Plaintiff began asserting that he never had such a debt.   Such assertions, which leave Trans Union guessing as to what Plaintiff is even alleging in this lawsuit, run

directly counter to representations he has already made to this Court, and should therefore be disregarded.

The fact that Plaintiff contends he never had a debt with Chase serves only to shine a light on Plaintiff's dishonesty as he continues to assert that the Account – which he says he both opened and never opened, depending on what day you ask him – should have been reporting as having been discharged in his bankruptcy. <u>See generally</u> Opposition [Doc. No. 71]. Such discord is only compounded by Plaintiff's statement that "[t]o the extent that the Chase argues that Chase acquired or obtained the American Home Mortgage Acceptance ("AHMA") mortgage account, that mortgage debt was discharged in bankruptcy." <u>See id.</u> at 2. As an initial matter, though it cannot speak for Chase, Trans Union is not arguing that "Chase acquired or obtained" the AHMA account.[3] Rather, <u>Plaintiff</u> suggested, during the July 13, 2016 Status Conference with the Court, that perhaps the Account was "related" to an AHMA mortgage which <u>was</u> discharged in his bankruptcy. <u>See</u> Memorandum [Doc. No. 67] at 4. Plaintiff, however, has failed to provide even one iota of evidence to demonstrate that the Account is <u>any</u> <u>way</u> related to the AHMA account. Because "conclusory statements, without specific evidentiary support, cannot support an actionable claim," such contentions should be disregarded and the Motion should be granted. <u>See</u> <u>Md. Elec. Indus. Health Fund</u>, 2014 U.S. Dist. LEXIS 25702, at *36.

Finally, none of Plaintiff's confusing and unsupported arguments change the <u>undisputed</u> <u>facts</u> that 1) Plaintiff argued in the Amended Complaint that the Account was included in his bankruptcy, <u>see</u> Amended Complaint [Doc. No. 22] at ¶¶ 17-20; 2) Plaintiff's bankruptcy petition and supporting documents contain no reference to the Account, <u>see</u> <u>In re: Letren</u>, Case No. 09-33378 [Doc. No. 1] (Bankr. D. Md. Dec. 1, 2009) ("Plaintiff's Bankruptcy Petition"), Exhibit A, JR000001-46; and 3) there

---

[3] Which Trans Union <u>never</u> reported. <u>See</u> Memorandum [Doc. No. 67] at 4.

was no debt to be discharged in Plaintiff's bankruptcy because at the time of the petition's filing, the Account was reporting as having been foreclosed upon and sold – with a <u>$0</u> <u>balance</u> – for over a year. <u>See</u> Memorandum [Doc. No. 67] at 15.   Plaintiff has completely failed to put forth any evidence suggesting that the Account was inaccurate, an "essential element" of his case, which "necessarily renders all other facts immaterial" and warrants summary judgment.  <u>See</u> <u>Celotex</u>, 477 U.S. at 322.  The Motion should therefore be granted.

III.   **<u>PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THERE IS A GENUINE ISSUE OF FACT REGARDING THE ACCURACY OF TRANS UNION'S REPORTING OF THE ACCOUNT.</u>**

Most notably, Plaintiff fails to offer any <u>concrete</u> proof to contradict the clear evidence that the Account was accurately reported by Trans Union.  Though he attempts to argue that the Account was inaccurate because he "never had a mortgage debt with Chase" and "Trans Union has not provided any admissible evidence that [Plaintiff] had a mortgage debt with Chase," <u>see</u> Opposition [Doc. No. 71] at 1, Trans Union does not have to make such a showing.[4]   Rather, it is Plaintiff's burden, as the party opposing summary judgment, to "demonstrate that a triable issue of fact exists." <u>See</u> <u>Shaw v. Stroud</u>, 13 F.3d 791, 798 (4th Cir. 1994).  In making such an opposition, a "mere scintilla of evidence supporting the case is insufficient," and a Plaintiff "may not rest upon mere allegations or denials."   <u>See</u> <u>id.</u> Plaintiff, however, has done just that, and has failed to put forth <u>any</u> evidence to demonstrate the Account's inaccuracy.

Further, despite Plaintiff's stubborn insistence otherwise, it is well established that, under the FCRA, <u>Plaintiff</u> bears the burden of proving that Trans Union inaccurately reported the Account.  <u>See</u> <u>Grant v. TRW, Inc.</u>, 789 F. Supp. 690, 692 (D. Md. 1992) (quoting <u>Cahlin v. General Motors</u>

---

[4] Further, Plaintiff has already acknowledged having had a mortgage loan with Chase in a document which he filed with this Court.  <u>See</u> Amended Complaint [Doc. No. 22] at ¶ 15.

Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991) ("'In order to make out a prima facie violation of . . . [Section 1681e(b)], the [FCRA] implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing 'inaccurate' information'") (emphasis added); see also Smith v. Auto Mashers, Inc., 85 F. Supp. 2d 638, 640 (W.D. Va. 2000) (finding that the "Plaintiff bears the burden of proving an element of its case," one of which is that his credit report "is, in fact, inaccurate"). Virtually every Court that has addressed the issue – including, most importantly, this one – agrees that a plaintiff's FCRA claims fail as a matter of law absent a threshold showing, by Plaintiff, that the disputed credit information is inaccurate. See Memorandum [Doc No. 67] at 16-18. As Plaintiff has failed to make such a showing, the Motion should be granted.

## IV. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THERE IS A GENUINE ISSUE OF FACT REGARDING THE REASONABLENESS OF TRANS UNION'S REPORTING AND REINVESTIGATIONS OF THE ACCOUNT.

### A. Plaintiff Has Not Met His Burden Of Showing That The Account Is Inaccurate, Which Is A Threshold Requirement For Any FCRA Claim Regarding Trans Union's Reporting Or Reinvestigations.

Though Plaintiff continues to argue that Trans Union's reporting and reinvestigation procedures were unreasonable, in violation of the FCRA, see generally Opposition [Doc. No. 71], such claims cannot succeed unless Plaintiff first makes the threshold showing that the Account is inaccurate. See e.g. Jianqing Wu v. Trans Union, No. AW-03-1290, 2006 U.S. Dist. LEXIS 96712 (D. Md. May 2, 2006) (finding that a showing of inaccurate information is necessary to establish a violation of §1681e(b)); Brooks v. Midland Credit Mgmt., No. WDQ-12-1926, 2013 U.S. Dist. LEXIS 35796, at *22 (D. Md. Mar. 13, 2013) ("Inaccurate information is an element of a claim under . . . 1681i(a)"). Because Plaintiff has not made that showing, see supra Sec. II at 6-8, his claims regarding Trans Union's reporting procedures under § 1681e(b) and reinvestigation procedures under § 1681i must fail. See id.

**B.    Plaintiff's Claim Regarding The Admissibility Of Trans Union's Declaration Is Meritless And Should Be Disregarded.**

As an initial matter, Plaintiff's objections to the Declarations of Marianne Litwa (the "Declarations") which Trans Union cited in the Memorandum are improperly raised.  The Court's Case Management Order [Doc. No. 31] specifically states that a party requiring additional facts to support its summary judgment motion may state those facts in an affidavit "and include that affidavit as an exhibit in the Joint Record."  See [Doc. No. 31].  The Case Management Order goes on to provide that:

> Any objections to an exhibit shall be stated in 250 words or less, on a cover page to that exhibit. "Under Fed. R. Civ. P. 56, as amended in 2010, facts in support of or opposition to a motion for summary judgment need not **be** in admissible form; the requirement is that the party identify facts that **could be** put in admissible form." *Malik v. Sebelius*, 964 F. Supp. 2d 531, 546 (D. Md. 2013).  Accordingly, the mere fact that a document is inadmissible in its current form is not a valid objection.  Similarly, objections to the contents or credibility should not be made unless they have a nonfrivolous basis.  The party offering an exhibit may respond to the objection in 250 words or less, on the same cover page.  However, an objection to an adversary's exhibit is not a basis for excluding any document from the Joint Record.

(emphasis in original).  Any objections to Trans Union's exhibit should therefore have been made in 250 words or less on the cover page of the exhibit, in accordance with the Case Management Order, rather than in the Opposition itself.  See id.

Further, even if Plaintiff's objections were properly raised, they are utterly meritless.  Plaintiff falsely argues that "Litwa's declaration does not contend that she has personal knowledge of Trans Union's reporting and reinvestigations."  See Opposition at 4.  However, the Declarations specifically state that Marianne Litwa "[has] personal knowledge of the matters contained" in the Declarations.  See Declaration Of Marianne Litwa; Exhibit B, JR000047, at ¶ 1; Second Declaration of Marianne Litwa,

Exhibit O, JR 000301, at ¶ 1.  Either Plaintiff is confused as to the contents of the Declarations, or he is trying to misconstrue the evidence.  In either case, such assertions should be disregarded.

Most importantly, however, the only case cited by Plaintiff regarding the required context for declarations makes clear that all necessary context was provided.  See Hernandez v. J.P. Morgan Chase Bank N.A., 2016 U.S. Dist. LEXIS 95966, at *19 (S.D. Fla. Jul. 22, 2016); Opposition [Doc. No. 71] at 4. The Court in Hernandez found that the deposition testimony provided by Chase of two purported employees should be given no weight because it did not specify who the deponents were, the entity for which they worked, or their job titles.  Here, all such contextual information was provided and, as discussed above, Litwa specifically stated that she had personal knowledge of the matters contained in the Declarations.  See Declaration Of Marianne Litwa; Exhibit B, JR000047, at ¶ 1; Second Declaration of Marianne Litwa, Exhibit O, JR 000301, at ¶ 1.  Any such (improperly raised) arguments regarding the admissibility of the Declarations should therefore be ignored.

### C.    Plaintiff's Claim Regarding His Lack Of Discovery From Trans Union Is Likewise Meritless And Has Already Been Rejected By This Court.

Though Plaintiff asks that the Motion be stayed due to Plaintiff's alleged non-receipt of discovery responses from Trans Union regarding its reporting procedures, see Opposition [Doc. No. 71] at 3, this issue has already been discussed at length and rejected by this Court due to Plaintiff's indefensible delay in pursuing discovery.  See Court's July 13, 2016 Order [Doc. No. 65] ("Order"). Specifically, Plaintiff "waited until just over thirty days prior to the close of discovery to propound interrogatories and requests for production of documents" on Trans Union.  See id.  Trans Union properly and timely responded to Plaintiff's discovery requests on June 27, 2016, two days before the Court's discovery deadline.  See [Doc. No. 31]; see Trans Union's Responses To Plaintiff's Interrogatories, Ex. M, JR 000235-272.  If Plaintiff feels that there is information or documents he did

not have the opportunity to discover, such is a "problem of his own making" and should not be grounds for delaying dispositive motion briefing, especially when this Court has already rejected this misguided argument.  <u>See</u> Order [Doc. No. 65] at 2.

  **D.**  **Trans Union Fully complied With The Procedures Mandated By The White/Hernandez Class Action Order, And Plaintiff Has Failed To Show Otherwise.**

  Plaintiff inexplicably argues that "the White Settlement Order clearly pertains only to disputes that claim a tradeline *should not* be reported as in bankruptcy" and thus "only pertains to Plaintiff's dispute in September 2014," and has no bearing on Trans Union's handling of his September 2013 and February 2014 disputes, or the overall reasonableness of Trans Union's reporting procedures. [5]  <u>See</u> Opposition [Doc. No. 71] at 5-6.  Such assertions, however, are directly contradicted by the plain language of the <u>White/Hernandez</u> Class Action Order, which states that it "shall preclude all future litigation or attempted litigation under the FCRA or FCRA State Equivalents regarding the reasonableness of Defendants' post-discharge reporting of Consumer credit information relating to pre-bankruptcy debts or civil judgments, as well as the reasonableness of Defendants' procedures for reinvestigation of Consumer disputes regarding the same, brought by any and all Consumers receiving bankruptcy discharges after the date of this Order."  <u>See</u> <u>White v. Experian Information Solutions., Inc.</u>, No. 8:05-cv-01070-DOC-MLG (8/19/2008 Approval Order Regarding Settlement Agreement and Release, Doc. No. 338), Exhibit F, JR000067-102 (the "<u>White/Hernandez</u> Order").  The <u>White/Hernandez</u> Order therefore <u>broadly</u> applies to the credit reporting agencies' reporting and reinvestigations of "pre-bankruptcy debts."  <u>See</u> <u>id.</u>  Plaintiff has attempted to cherry-pick one particular

---

[5] Plaintiff suggests that in September 2013 and February 2014 he submitted disputes to Trans Union arguing that he did not have an account with Chase.  <u>See</u> Opposition [Doc. No. 71] at 5.  However, Plaintiff made no such assertions in his disputes.  Rather, in September 2013 Plaintiff submitted a dispute to Trans Union arguing that Chase could not adequately demonstrate that it was the legal holder of his mortgage note, and in February 2014 he submitted a dispute to Trans Union arguing that the Account was duplicate of his Homeward mortgage account.  <u>See</u> Joint Statement of Undisputed Facts [Doc. No. 68] at ¶¶ 8 and 12.

provision of the White/Hernandez Order – which does not contain any sort of limiting language – to suggest that the entirety of the Order is inapplicable to his particular case.  See Opposition [Doc. No. 71] at 6.  There is no dispute, however, that the Account is a pre-bankruptcy debt (i.e. a debt that existed prior to Plaintiff filing for bankruptcy), as Plaintiff has repeatedly claimed that the Account was opened in 2007 and should have been discharged in his 2009 bankruptcy.  See e.g. Amended Complaint [Doc. No. 22] at ¶¶ 15-20.  And there is nothing in the broadly-written White/Hernandez Order to suggest that it somehow does not apply to Trans Union's reporting or reinvestigations of the Account, a pre-bankruptcy debt.  See White/Hernandez Order, Ex. F,  JR000067-102.  As Trans Union fully complied with its statutory obligations outlined in the White/Hernandez Order, see Memorandum [Doc. No. 67] at 18-21, any issues regarding its reporting and reinvestigations of the Account are superseded and foreclosed, and the Motion should be granted.

## VI.   PLAINTIFF HAS FAILED TO ESTABLISH THAT HE IS ENTITLED TO ANY DAMAGES.

### A.   Plaintiff Has Failed To Produce Evidence Showing That Trans Union's Reporting Of The Account Caused Any Of His Alleged Credit Denials.

Though Plaintiff originally claimed that he was denied various credit applications as a result of Trans Union's alleged conduct, as Trans Union discussed at length in the Memorandum, Plaintiff failed to produce any evidence of same.  See Memorandum [Doc. No. 67] at 22-24.  Therefore, he cannot show – as he must – that Trans Union's reporting of the Account was a substantial factor in those alleged denials.  See id.  While Plaintiff argues in conclusory fashion against Trans Union's argument that he has no support for his alleged denials, he does not – and cannot – offer any evidence of the alleged denials.  As Plaintiff has failed to come forward with any specific facts or proof in support of these assertions, they should be disregarded.  See Matsushita, 475 U.S. at 587.

**B.      Plaintiff Has Failed To Produce Sufficient Evidence Of Alleged Emotional Distress Damages.**

Plaintiff also suggests that he "submitted evidence that his credit report contained inaccuracies and that he endured emotional distress during the 18 month time period in which he endeavored to correct the errors." See Opposition [Doc. No. 71] at 7.  As Trans Union discussed in the Memorandum, however, his alleged emotional damages consisted of nothing more than vague and conclusory statements which must be "viewed with suspicion."  See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 240 (4th Cir. 2009).  Further, this Court has made clear that a "'plaintiff's own conclusory allegations that he felt 'embarrassed,' 'degraded.' or 'devastated,' and suffered a loss of self-esteem, will not suffice to create a disputed issue of material fact for the jury regarding the presence of compensable emotional distress.'"  See Davenport v. Sallie Mae, Inc., 124 F. Supp. 3d 574, 583 (D. Md. 2015) (quoting Doe v. Chao, 306 F.3d 170, 180 (4th Cir. 2002)).  Rather, "'[a]n award of compensatory emotional distress damages requires evidence establishing that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated.'"  See id.  Plaintiff's vague assertions that he "suffered severe emotional distress," had a "sense of helplessness," "felt powerless" and was driven into a "depressionary state of mind," see Memorandum [Doc. No. 67] at 24, are therefore inadequate to create a "genuine dispute of material fact" regarding Plaintiff's alleged emotional distress damages.  See Davenport, 124 F. Supp. at 583.  Thus, the Motion should be granted.

## CONCLUSION

For all of the foregoing reasons, Trans Union respectfully requests that the Court grant its Motion For Summary Judgment.

Respectfully submitted,


*/s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Katherine Carlton Robinson, Esq. (801872)
(admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com
            krobinson@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*


H. Mark Stichel, Esq.  (MD Federal Bar #02939)
Gohn Hankey Stichel & Berlage, LLP
201 North Charles Street, Suite 2101
Baltimore, MD  21201
Telephone:  (410) 752-9300
Fax:  (410) 752-2519
E-Mail:  hmstichel@ghsllp.com

*Local Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **31st day of August, 2016**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Kevin L. Chapple, Esq.<br>kevinlchapple@aol.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **31st day of August, 2016**, properly addressed as follows:

| | |
|---|---|
| None | |

/s/ Robert J. Schuckit
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Katherine Carlton Robinson, Esq. (801872)
(admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com
              krobinson@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*