IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NEIL F. LETREN,                           *
On behalf of himself and all others
Similarly situated,                       *

       Plaintiff,                  *

       v.                        *       Civil Action No. PX-15-3361

TRANS UNION, LLC,                *

       Defendant.               *
                                  *****

**MEMORANDUM OPINION**

On September 15, 2017, the Court issued its Memorandum Opinion and Order granting

Defendant TRANS UNION, LLC's motion for sanctions pursuant to Rule 11 of the Federal Rule

of Civil Procedure and the inherent powers of the Court. ECF No. 116. The Court ordered that

Plaintiff Neil F. Letren pay $200 and that his attorney Kevin L. Chapple pay $4,000 to

Defendant as sanction. *Id.*

On October 13, 2017, Letren moved to alter or amend the Court's sanctions order, ECF

No. 118. Also pending is Trans Union's motion for leave to file a motion to strike Letren's

motion, on the grounds that it violated the Court's Case Management Order. *See* ECF No. 119.

For the reasons stated below, Letren's motion to alter or amend the judgment, ECF No. 118, is

DENIED, and Defendant's motion for leave to file motion to strike, ECF No. 119, is DENIED as

moot.

## I.    BACKGROUND

This civil action stems from a mortgage loan reported by J.P. Morgan Chase Bank, N.A.

("Chase") to Plaintiff Neil F. Letren's ("Letren") Trans Union credit report. This case has a long

and tortured history that has already been discussed at length in the Court's two previous

Opinions, ECF Nos. 81 & 116, and so will be described briefly below.

### A. Pre-Filing History

According to the Amended Complaint, Letren "obtained several mortgage loans in 2007,

including mortgage loans being reported to his credit reports by [JPMorgan] Chase [Bank, N.A.].

. . ." (the "Chase Account").  ECF No. 22 at 5; *see also id.* (alleging the Trans Union credit

report erroneously noted "the discharged Chase mortgage account as due and owing"); *id.* at 6

("Both the PNC and Chase accounts were opened in 2007 and would have been included in the

March 2010 Bankruptcy.").  In September of 2008, Letren's property was foreclosed upon.  ECF

No. 78-16 at 2; *see also* ECF No. 78-1 at 40 (listing four foreclosure proceedings).  Letren's

Trans Union consumer disclosure was then updated on September 29, 2008, to reflect the Chase

Account as "foreclosure collateral sold."  ECF No. 78-4 at 2.

On December 1, 2009, Letren filed for Chapter 7 Bankruptcy.  ECF No. 68 at 1; *see also*

*In re: Letren*, Case No. 09-33378, (Bankr. D. Md. Dec. 1, 2009) ("Plaintiff's Bankruptcy

Petition").  Letren's bankruptcy petition included a Schedule F of accounts to be discharged in

the bankruptcy and listed five accounts, including three mortgage deficiencies from American

Home Mortgage Acceptance ("AMHA"), Aurora Loan Services, and National City Mortgage.

ECF No. 78-1 at 30; ECF No. 78-10 at 2.  The Chase Account was not listed on the Schedule F.

ECF No. 78-10 at 2.  Letren now contends that the Chase Account is the same as the American

Home Mortgage Acceptance Account.  *See* ECF Nos. 109 & 114.

In September of 2013, Letren obtained his Trans Union credit file.  ECF No. 78-16 at 3.

The report showed that the Chase Account had a balance of $0.00 as of October 6, 2008 with

former terms of $4,222 due monthly and the status of the account was "CBL: Chapter 7

Bankruptcy." ECF No. 78-15 at 9–11; *see also* ECF No. 78-16 at 3. Letren proceeded to dispute

the accuracy of the report with Trans Union, first claiming on September 16, 2013 that "the

[Chase] Account should be deleted because Chase could not adequately demonstrate that it was

the legal holder of the note." ECF No. 68 at 2; *see also* ECF Nos. 78-15 at 8 & 78-16 at 3.

Then, in a series of written disputes with Trans Union over the next eleven months, Letren

shifted his allegation of the error — claiming on October 23, 2013 that the Chase Account was

discharged in 2009 bankruptcy; on February 19, 2014 that the Chase Account was a "duplicate of

his Homeward Mortgage Account"; and finally, on February 19, 2014, that the Chase Account

should be reported as discharged in bankruptcy and not past due. In April 2015, the Chase

Account was automatically removed from Letren's credit file. ECF No. 78-15 at 4.

On July 17, 2015, Letren, and co-plaintiff Candice Alston filed a class action complaint,

through counsel Kevin Chapple ("Chapple"), against Experian Information Solutions, Inc.

("Experian"). *See Letren v. Experian Information Solutions, Inc.*, No. 8:14-cv-03957-TDC (D.

Md.). The allegations against Experian rely in part on the misreporting of Letren's Chase

Account, claiming that the Chase Account, among other mortgage accounts, was erroneously

reported as due and owing and not in bankruptcy. The Experian complaint also contended the

Chase Account was a duplicate of an account reported by Homeward Residential. *See Letren v.*

*Experian Information Solutions, Inc.*, ECF No. 15 at 5 n.3. As to the purported error in Ms.

Alston's consumer report, she explicitly maintained that she did not have a mortgage account

with Wells Fargo and that Wells Fargo did not own or service the account. *Id.* at 2.

**B. This Civil Action**

Almost three months later, on October 6, 2015, Letren, proceeding *pro se*, filed a class

action complaint, alleging violations of the FCRA against Experian Information Solutions, Inc.,

Equifax Information Services, LLC, and Trans Union. ECF No. 2.[1] The Complaint asserted that

Trans Union falsely reported the Chase Account as due and owing when the Chase Account was

discharged in bankruptcy. The Complaint provided no allegations of a duplicate account —

specifically, no allegations involving Homeward Residential, or a third mortgage loan company,

AHMA.

On November 16, 2015, Attorney Chapple then entered his appearance to represent

Letren and the putative class. ECF No. 12. Several weeks later, Chapple filed an amended class

action complaint (the "Amended Complaint"). ECF No. 22. The Amended Complaint

maintained both class and individual claims, alleging that Defendant Trans Union violated 15

U.S.C. § 1681e(b) (Counts I and II) and 15 U.S.C. § 1681i(a) (Counts III and IV) of the FCRA.

ECF No. 22.

With regard to Letren's individual claims, the Amended Complaint specifically alleged

the Chase Account was discharged in Letren's 2009 bankruptcy, and unambiguously faults Trans

Union for inaccurately reporting the Chase Account as due and owing instead of discharged in

bankruptcy. *See* ECF No. 22 at ¶ 5, 8. The Amended Complaint further complains that Trans

Union failed to perform a reasonable investigation into Letren's disputes and instead continued

to report the Chase Account inaccurately. ECF No. 22 at ¶ 6. Importantly, at no place in the

original Complaint, the Amended Complaint, or for several months thereafter in discovery, did

Letren deny the Chase Account's existence or clearly articulate his theory that it was the same as

the AMHA account. Rather, his main contention remained the same: had Trans Union done its

---

[1] On November 3, 2015, Defendants timely removed the action from in the Circuit Court for Montgomery County to this Court based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 1. Experian Information Solutions, Inc. and Equifax Information Services, LLC, were thereafter dismissed from the suit (ECF Nos. 59, 60), and only Trans Union remained at the summary judgment stage.

due diligence in reviewing Letren's bankruptcy petition, it should have reported the Chase

Account as discharged rather than due and owing. *See generally* ECF No. 22 at 4.

Trans Union vigorously disputed the veracity of Letren's claims throughout. Repeatedly,

Trans Union pressed Letren, through counsel, for any documentary evidence demonstrating that

the Chase Account had been discharged in bankruptcy. Trans Union was either met with silence

or marginally comprehensible excuses. *See generally* ECF Nos. 88-2 to 88-8. At no point did

Letren or his attorney, Chapple, produce evidence supporting his allegations.

Given Letren's failure to provide evidentiary support for his claims, Trans Union once

again, on January 28, 2016, emphasized to Letren that his claim was specious and that he should

dismiss his case or Trans Union would move for sanctions. *See* ECF No. 88-6. Met with

silence, on March 1, 2016, Trans Union formally notified Letren in writing that pursuant to Rule

11, Trans Union would seek sanctions should Letren refuse to dismiss his case within twenty-one

days from receipt of the letter. ECF No. 88-7 at 2. Letren once again refused to dismiss his case.

Then in June of 2016, Letren switched up his theory of the case, and testified in his

deposition that he never had a Chase Account and the real error was Trans Union reporting the

account at all. ECF No. 78-8 at 23, 37; *see also* 78-15 at 2–38. After a failed settlement

conference where Trans Union again hoped to impress upon Letren the need to dismiss his

action, Trans Union moved for summary judgment, arguing *inter alia* that Trans Union had

accurately reported the Chase Account as due and owing. *See generally* ECF No. 66. Trans

Union further argued that summary judgment was proper, as Letren had failed to respond timely

to Trans Union's requests for admission, and moved for summary judgment as to the class

allegations because Letren had done nothing to advance those claims. *Id.*

In response, Letren not only filed a formal opposition, but separately cross-moved for summary judgment. On February 2, 2017, the Court granted Trans Union's motion for summary judgment, denied Letren's motions, and dismissed Letren's remaining claims. The Court concluded that Letren failed to put forth any evidence that (1) the Chase Account was reported inaccurately, (2) an inaccurate consumer report was disclosed to a third party, or (3) that Trans Union's procedures or reinvestigation process were unreasonable in any way. Specifically, the Court noted:

> Plaintiff proffers no evidence that the Chase Account was discharged in the bankruptcy proceedings . . .
>
> In a transparent about-face, Plaintiff now claims in his June 17, 2016 deposition and September 2016 declaration that he never opened an account with Chase or held a mortgage with Chase, and that the real inaccuracy at issue is reporting the Chase Account at all. ECF No. 78-16 at 3; Deposition of Neil Letren, ECF No. 78-8 at 23. Plaintiff offers no explanation for why he asserted the exact opposite in his Complaint, his Amended Complaint, and throughout the life of this case. This eleventh hour assertion is especially suspect in light of Chase's repeated verifications of the account's existence. Ultimately, Plaintiff's unsupported and bare bones allegations will not defeat summary judgment. *See Angel Med. Ctr., Inc. v. Abernathy*, 1 Fed. App'x. 217, 218 (4th Cir. 2001) (finding plaintiff "presented no evidence of such an accord apart from his own bald and self-serving allegations, which contradict his previous response to an interrogatory and are insufficient to avoid summary judgment") (citing *White v. Boyle*, 538 F.2d 1077, 1080 (4th Cir. 1976)) . . . .

Memorandum Opinion, ECF No. 81 at 14–15. In sum, the Court dismissed the action because Letren had not proffered evidence supporting the elements of his claims other than his own self-serving declaration. *See generally* ECF No. 81 at 15.

Following the Court's ruling, Trans Union moved for sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927; 15 U.S.C. § 1681, and the inherent powers of the Court. Trans Union argued that sanctions were warranted because Letren pursued claims in the face of

its repeated warnings that the claims were factually baseless.  *See* ECF No. 88-1 at 2–3.

Hearings on the sanctions motion were held on May 16 and July 27, 2017, at which the Court

heard argument as to the propriety of sanctions against both Chapple and Letren.

At the July 27 hearing, Letren, through new counsel, argued that his statements on the

Chase Account were not contradictory, and that he had filed his claims in good faith.  *See*

*generally* ECF No. 114.  On September 15, 2017, the Court issued a Memorandum Opinion and

Order granting Trans Union's motion for Rule 11 sanctions.  ECF Nos. 116 & 117.  Letren was

ordered to pay sanctions of $ 200.00 to Trans Union.  ECF No. 117.  Thereafter, Letren moved

for reconsideration under Rule 59(e).  ECF No. 118.

## II.    STANDARD OF REVIEW

A motion for reconsideration filed within 28 days of the underlying order is governed by

Federal Rule of Civil Procedure 59(e).  Courts recognize three limited grounds for granting a

motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to

accommodate an intervening change in controlling law, (2) to account for new evidence not

previously available, or (3) to correct clear error of law or prevent manifest injustice.  *See United*

*States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)

(citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert.*

*denied*, 538 U.S. 1012 (2003).  A Rule 59(e) motion "may not be used to re-litigate old matters,

or to raise arguments or present evidence that could have been raised prior to the entry of

judgment."  *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and

Procedure § 2810.1, at 127–28 (2d ed. 1995)).  Where a party presents newly discovered

evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not

presenting the evidence during the earlier proceeding."  *Id.* (quoting *Small v. Hunt*, 98 F.3d 789,

798 (4th Cir. 1996)) (internal marks omitted). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.' " *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

## III.    ANALYSIS

Letren first argues that the Court's sanctions order violates the Federal Rules of Civil Procedure and the Local Rules. *See* ECF No. 118-1 at 2–3. Letren more particularly asserts that Trans Union's Rule 11 Motion was only as to counsel Chapple, and thus the Court was without authority to sanction Letren. ECF No. 118-1 at 2. While it is true that Trans Union's motion specifically requested sanctions against Chapple, the motion and accompanying memorandum certainly urge sanctions against Letren. *See generally* ECF No. 87 & ECF No. 88-1 at 1–3, 23. Letren was also given notice of the potential sanctions against him, and abundant opportunity to oppose such sanctions. *See* ECF Nos. 109, 114, 119. The Court's sanctions as to Letren, therefore, fell squarely within the bounds of Rule 11. Fed. R. Civ. P. 11(c)(1).

Letren next contends that Tran Union's sanctions motion, ECF No. 87, violated Local Rule 105.1, because it was "unsupported by a memorandum of law which sets forth the reasoning and authorities which support it." ECF No. 118-1 at 3. As Trans Union filed a supporting memorandum with the sanctions motion, ECF No. 88-1, this argument is most charitably construed as contending that Trans Union was required to file separate memoranda as to Letren and Chapple, and that the joint memorandum – which averred in meticulous detail Letren and Chapple's unreasonable conduct throughout this litigation – was somehow insufficient. *See* ECF No. 88-1 at 3–10. This argument is specious and does not support any need to revisit the Court's previous judgment. *See* Fed. R. Civ. P. 59(e).

Letren also advances a host of arguments going to the merits of this Court's grant of summary judgement in Trans Union's favor, masquerading as challenges to the sanctions decision. *See* ECF No. 118-1 at 3–15. Letren's attempt to re-litigate his previously-rejected claim is improper. Sanctions motions — and even more so, motions for reconsideration of those sanctions — are not an appropriate vehicle to re-litigate the merits of a case. *Accord Broughton v. McClain*, No. 5:13-CV-00454-H, 2014 WL 11497896, at *1 (E.D.N.C. Dec. 10, 2014), *aff'd* 602 F. App'x 133 (4th Cir. 2015). The Court will not entertain these arguments further. Letren's merits arguments have been accorded sufficient consideration, as reflected in this Court having conducted two lengthy hearings and authoring two written opinions. ECF Nos. 81 & 116.

Letren's final argument is that the "unclean hands" doctrine bars the Court from awarding sanctions to Trans Union because Trans Union violated its duties under the FCRA, and "made it nearly impossible for [Letren] to obtain information in this case" by its objections to Letren's interrogatories. *See* ECF No. 118-1 at 16–18. Notably, Letren provides no legal support from within this Circuit to support this assertion. *Id.* Nor does the argument amount to anything more than an attempt, once again, to re-litigate the merits of Trans Union's purported liability under the FCRA. The Court will not indulge this argument any further. *Accord Glynn v. EDO Corp.*, No. JFM-07-1660, 2010 WL 3294347, at *10 (D. Md. Aug. 20, 2010) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, (4th Cir. 1993) ("[T]he idea that a district court would be precluded from imposing sanctions if the benefiting party had unclean hands is in significant tension with the Fourth Circuit's pronouncement about a district court's inherent authority to manage litigation.").[2]

---

[2] Letren also spills a great deal of ink defending Thomas Alston, who is neither a party nor an attorney in this case. *See* ECF No. 118-1 at 18–21. Because Thomas Alston did not play a role in this Court's sanctioning of Plaintiff Letren, the Court need not revisit Alston's colorful history of litigation. *See* ECF No. 116 at 12–13 (discussing Thomas Alston's participation in the case regarding sanctions against Chapple).

## IV. CONCLUSION

"The primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." *Moody v. Arc of Howard City, Inc.*, 474 F. App'x 947, 950 (4th Cir. 2012) (citing *Cabell v. Petty*, 810 F.2d 463, 467 (4th Cir. 1987). Here, the Court imposed sanctions only after Letren was repeatedly warned to desist pursuing baseless claims. He nevertheless persisted. Now, he persists once again in re-litigating the merits of claims that have long since been rejected. Letren's motion for reconsideration is thus DENIED, and Trans Union's motion DENIED as moot. A separate Order follows.

5/21/2018                                                          /s/
Date                                                   Paula Xinis
                                                       United States District Judge